E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-6570 GHK (RZx) | | Date | August 18, 2011 |
|---|---|---|---|---|
| Title | *Jose Carlos Del Cid v. First Franklin Mortgage Loan Trust* | | | |

| Presiding: The Honorable | GEORGE H. KING, U.S. DISTRICT JUDGE |
|---|---|

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| (none) | (none) |

**Proceedings:**     **(In Chambers) Order to Show Cause**

On August 10, 2011, Plaintiff Jose Carlos Del Cid ("Plaintiff") filed suit against Defendant First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-FF12 ("Defendant"). Plaintiff invokes our subject matter jurisdiction under 28 U.S.C. § 1332(a), alleging that the Parties are completely diverse. The Complaint alleges that Plaintiff resides in California, and that Defendant is incorporated in the State of Delaware and is licensed to do business in California. The Complaint does not allege Plaintiff's domicile, nor does it allege Defendant's principal place of business.

As a court of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), we must determine the issue of subject matter jurisdiction before reaching the merits of a case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). When a case does not arise under federal law, we have original jurisdiction only when there is "diversity of citizenship." 28 U.S.C. § 1332. An action may be filed in federal court based on diversity jurisdiction where the civil action is between citizens of different states, and the amount in controversy exceeds $75,000. *Id.*

For purposes of assessing diversity, individual citizenship is determined by the state where a natural person is domiciled, and a person may only have one domicile at a time. *Gaudlin v. Remis*, 379 F.3d 631 (9th Cir. 2004). The Complaint does not allege Plaintiff's citizenship. Rather, the Complaint states that Plaintiff resides in California. However, domicile is not merely someone's state of residence. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). Therefore, a person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff is required to allege his domicile in order for the Court to determine whether jurisdiction exists in this case.

Plaintiff's allegation of Defendant's citizenship is likewise deficient. For purposes of assessing diversity, a corporation has dual citizenship. "[A] corporation shall be deemed to be a citizen of any

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-6570 GHK (RZx) | Date | August 18, 2011 |
|---|---|---|---|

| Title | *Jose Carlos Del Cid v. First Franklin Mortgage Loan Trust* |
|---|---|

State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).  A corporation's "principal place of business" refers to "the place where a corporation's officers direct control, and coordinate the corporation's activities."  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  "[I]n practice it should normally be the place where the corporation maintains its headquarters," the center of overall direction, control, and coordination commonly known as the "nerve center."  *Id.*

  Here, Plaintiff has alleged that Defendant is a Delaware corporation.  But, Plaintiff has not alleged Defendant's principal place of business.  Plaintiff is required to allege Defendant's principal place of business in order for the Court to determine whether jurisdiction exists in this case.

  The party seeking to establish jurisdiction bears the burden of proving such.  *Kokkonen*, 511 U.S. at 377.  Here, the Complaint is insufficient to do so because Plaintiff has not provided the required information noted above.  Therefore, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, **WITHIN TWELVE (12) DAYS**, as to why this matter should not be dismissed because this Court lacks subject matter jurisdiction.  Plaintiff's failure to timely and adequately show cause as required herein shall be deemed Plaintiff's admission that this Court lacks subject matter jurisdiction.  In that event, this action shall be dismissed for lack of subject matter jurisdiction.

  **IT IS SO ORDERED.**

                 --  :  --

Initials of Deputy Clerk      Bea